UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEWART STUMBAUGH                              CIVIL ACTION

VERSUS                                         NO: 08-1669

AMERICAN COMMERCIAL LINES LLC                  SECTION: R(4)


**ORDER**

Before the Court is American Commercial Lines LLC's Motion for Summary Judgment on Seaman Status. The Court grants defendant's Motion for the following reasons.

**I. Background**

Stewart Stumbaugh was injured during a ten-day deckhand training session at American Commercial Lines LLC's (ACL) Illinois facility. The first six days of Stumbaugh's training occurred on land. The seventh day was "fleet awareness day." ACL took trainees out to "show them the different types of barges" and familiarize them with the barges's components. On the eighth day, ACL trained Stumbaugh to tighten winches on an

unmanned barge.  While tightening his first winch, Stumbaugh fell.  He was taken ashore to receive medical attention and returned to the ACL facility for two more days of classroom training.  Stumbaugh did not return to work for ACL after the training session and was never assigned to an ACL vessel.

Staumbaugh filed a Seaman's Complaint for Damages in the Eastern District of Louisiana on 16 April 2009 alleging claims under the Jones Act and the general maritime law.  ACL now moves for summary judgment on Stumbaugh's claims for Jones Act negligence, maintenance and cure, and unseaworthiness.

## II. Summary Judgment Standard

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor."  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. Analysis**

Stumbaugh cannot recover for Jones Act negligence, maintenance and cure, or unseaworthiness if he is not a seaman.[1] Seaman status is ordinarily left for the jury to decide. *Ellender v. Kiva Const. & Engin'g, Inc.*, 909 F.2d 803, 805 (5th Cir. 1990). Summary judgment is appropriate, however, when "the facts establish [the lack of seaman status] beyond a question as a matter of law," and no reasonable evidentiary basis exists to

---

[1] Stumbaugh does not argue that he is a *Sieracki* seaman and the court does not address whether Stumbaugh can recover for unseaworthiness under that narrow exception to the rule that only seaman can recover for unseaworthiness.

3

support a jury finding that the injured person is a seaman. *Id.* (*quoting Barrett v. Chevron USA, Inc.*, 781 F.2d 1067, 1074 (5th Cir. 1984)(other citations omitted)).

"Seaman" is not defined in the Jones Act, but not every "maritime worker on a ship at sea...is automatically a member of the crew of the vessel within the meaning of the statutory terms." *Chandris, Inc. v. Latis*, 515 U.S. 347, 363 (1995). To qualify as a seaman, a party must show: (1) that the employee's duties contributed to the function of a navigable vessel or the accomplishment of its mission; and (2) a connection to a vessel in navigation (or to an identifiable group of vessels) that was substantial in terms of both its duration and its nature. *Id.* at 368. This test is meant to "separate the sea-based maritime employees who are entitled to Jones Act protection from those land based workers who have only a transitory or sporadic connection to a vessel in navigation, and therefore whose employment does not regularly expose them to the perils of the sea." *Id.*

Stumbaugh's claim to seaman status is wanting for many reasons, not the least is that Stumbaugh has moved for summary judgment that he was not ACL's employee. (*See* R. Doc. 16-2, at 4.)("[A]n employment relationship did not exist at the time of

plaintiff's accident.")[2]  Stumbaugh cannot be a seaman if he was not employed by ACL.  *See, e.g., Guidry v. South Louisiana Contractors, Inc.*, 614 F.2d 447, 452 (5th Cir. 1980)("A Jones Act claim also requires proof of an employment relationship either with the owner of the vessel or with some other employer who assigns the worker to a task creating a vessel connection...."); *Sprink v. Chevron Oil Co.*, 507 F.2d 216, 224 (5th Cir. 1975)("By the terms of the Jones Act an employer-employee relationship is essential to discovery.").  The Court has discretion to treat this statement as a judicial admission, *see Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226-27; *Plastic Container Corp. v. Continental Plastics of Oklahoma*, Inc., 607 F.2d 885, 906-07 (10th Cir. 1979)(*citing Young & Vann Supply Co. v. Gulf, F & A.R. Co.*, 5 F.2d 421, 423 (5th Cir. 1925); *Cf.* 10A Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 2723 ("Admissions in the brief of the party opposing the motion may be used in determining that there is no genuine issue as to any material fact, however, since they are functionally equivalent to 'admissions on file,' which are expressly mentioned in Rule 56(c) ...."), and enter summary judgment on that basis alone.

---

[2] Stumbaugh's counsel also stated at oral argument that he no longer believes that Stumbaugh was ACL's employee and that he is now proceeding under the theory that ACL is liable for negligence under the general maritime law rather than the Jones Act.

5

Equally damning, there is no evidence for a jury to find that Stumbaugh is a seaman on this record. Stumbaugh spent only two days and no more than ten-to-twenty percent of his time on vessels during his 10-day training session. He observed different types of barges on day seven. On day eight, he tightened one winch on a barge before he was injured. He spent the rest of his time on land. This brief stint was not enough to create a substantial connection to any vessel. *Chandris*, 515 U.S. at 371 ("A worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act."). *See also Easley v. Southern Shipbuilding Corp.*, 965 F.2d 1, 5 (5th Cir. 1992)("[I]t is impossible for us to conclude that Easley, who spent at most eleven and a half percent of his time on a vessel, was a seaman for purposes of the Jones Act, particularly when viewed in light of other factors affecting his connection with the subject vessel."); *Case v. Omega Natchiq, Inc.*, No. 08-0835, 2008 WL 2714124, at *9 (S.D.Tex.)("This work amounted to 10.52% of his total work hours. This percentage of work is far below the 30% guideline set by the Fifth Circuit and endorsed by the Supreme Court). Nor is there any evidence that Stumbaugh was meant to have a more "enduring relationship" with any of the vessels he trained on. *Chandris*, 515 U.S. at 363 (citations omitted)

6

Stumbaugh nonetheless argues that he would have established a substantial connection to the ACL fleet had he not gotten hurt. He asks the Court to "look at the overall tenor of plaintiff's planned employment as a deckhand in determining his seaman status." (R. Doc. 18, at 2.) The Court acknowledges that it "should not employ 'a snapshot' test for seaman status, inspecting only the situation as it exists at the instant of injury." *Chandris*, 515 U.S. at 363 (citations omitted). There is simply no way to evaluate Stumbaugh's intended employment on the current record. Stumbaugh identifies the type of evidence that the Court would need to make this inquiry. He concedes that "In order to determine Mr. Stumbaugh's seaman status, the Court - and ultimately, the trier of fact - should properly look at the work histories of the other applicants hired from Mr. Stumbaugh's training course and review their work assignments during their subsequent tenure with ACL to determine ACL's pattern of employment and the seaman status of other employees similarly situated." (R. Doc. 18, at 3.) But Stumbaugh has not followed through and provided any of this. And Stumbaugh's counsel did not give any indication at oral argument - less than three weeks before trial - that he had acquired this information. Stumbaugh fails to attach even his own affidavit describing his expectations about his potential employment with ACL and the

7

basis for those expectations.  The *only* evidence Stumbaugh cites in his Opposition purports to establish that he was not ACL's employee, a fact that negates seaman status.  (*See* R. Doc. 18-2, at 1 & 1 fn.1)("Defendant's witness testified that an employer-employee relationship did not occur until after the training class was completed.  Please see the deposition of Christopher Keyes, page 11, line 25 - page 14, line 13, attached to Plaintiff's Motion for Summary Judgment as Exhibit 'B'.").[3]  The Court does not doubt that a trainee could establish seaman status with the right evidence.  There is simply no basis in the record for a jury to determine that Stumbaugh is one.

### III. Conclusion

For the reasons stated above, ACL's Motion for Summary Judgment on Seaman Status is GRANTED.

New Orleans, Louisiana, this 26th day of May, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[3] In addition, Stumbaugh attaches the wrong deposition to his Motion. Stumbaugh cites to the deposition of Christopher Keyes, but attaches Garth Matney's deposition. Matney's deposition contains no information about Stumbuagh's status as an employee.  (*See* R. Doc. 18-3)

8