UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEWART STUMBAUGH | CIVIL ACTION |
| VERSUS | NO: 08-1669 |
| AMERICAN COMMERCIAL LINES LLC | SECTION: R(4) |

**ORDER AND REASONS**

Before the Court are (a) objections to certain documents and witnesses identified in the proposed pre-trial order, dated May 26, 2009; (b) American Commercial Lines LLC ("ACL")'s Objections to Plaintiff's Exhibits; and (c) ACL's Objections to Plaintiff's Proposed *Voire Dire*. (*See* R. Doc. 50, 56, 59.)

**I. BACKGROUND**

Stewart Stumbaugh was injured during a ten-day deckhand training session at ACL's Illinois facility. The first six days of Stumbaugh's training occurred on land. The seventh day was "fleet awareness day." ACL took trainees out to "show them the different types of barges" and familiarize them with the barges's components. On the eighth day, ACL trained Stumbaugh to tighten winches on an unmanned barge. While tightening his first winch, Stumbaugh fell. He was taken ashore to receive medical attention and returned to the ACL facility for two more days of classroom training. Stumbaugh did not return to work for ACL after the

training session and was never assigned to an ACL vessel.

Staumbaugh filed a Seaman's Complaint for Damages in the Eastern District of Louisiana on 16 April 2008 alleging claims under the Jones Act and the general maritime law.  The Court dismissed Stumbaugh's Jones Act, Maintenance and Cure, and Unseaworthiness claims, and gave him leave to amend his complaint to assert a general maritime negligence claim.  Stumbaugh filed an amended complaint on May 19, 2009, and jury trial is set for September 14, 2009.

A Scheduling Order was issued in this action on July 24, 2008.  (R. Doc. 6.)  Pursuant to the Scheduling Order, the parties were required to file "a list of all witnesses who may or will be called to testify at trial and all exhibits which may or will be used at trial no later than MARCH 22, 2009." *(Id.* at 2.)  Both parties submitted timely witness and exhibit lists on March 20, 2009.  (R. Doc. 10, 11.)

The parties jointly filed a proposed Pretrial Order on May 26, 2009.  (R. Doc. 50).  Both parties object to certain trial exhibits and witnesses on grounds of hearsay, untimely disclosure, undue prejudice and lack of specificity.  (R. Doc. 50, 56.)  ACL also objects to one of Stumbaugh's proposed *voir dire* requests.  (R. Doc. 53.)

## II. DISCUSSION

### A. ACL's Objections

1. *Stumbaugh's medical records*

At the pretrial conference in this matter, counsel for ACL indicated that her only remaining hearsay objection was to Stumbaugh's functional capacity evaluation, dated January 22, 2009. The Court sustains ACL's objection with respect to this evaluation, and it may not be admitted at trial. Stumbaugh may, however, admit at trial the other medical records listed in the Pretrial Order.

2. *Photographs of Stumbaugh's ankle*

ACL objects to the introduction of certain photographs of Stumbaugh's ankle. (R. Doc. 56-2 at 2-5.) ACL claims that these photographs are not admissible under the Court's Scheduling Order, were improperly withheld during discovery, and should be excluded under Federal Rule of Evidence 403.

District courts have broad discretion to "preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Federal Rule of Civil Procedure 16(f) specifically authorizes the Court to sanction a party's failure to comply with its scheduling or other pretrial orders. Fed. R. Civ. P. 16(f); *see also Imperial Trading Co., Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 06-4262, 2009 WL 2242370, at *1 (E.D. La. July 24, 2009) (Vance, J.)

3

(excluding exhibit not identified in previous exhibit lists). The Fifth Circuit has specifically suggested four factors that a court should consider in determining whether to exclude evidence or testimony because of a failure to comply with a scheduling order: (1) a party's explanation for its failure to timely identify its witness and exhibits; (2) the importance of the proposed evidence; (3) potential prejudice in allowing the admission of the exhibits and/or testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman*, 893 F.2d at 791.

With respect to the first *Geiserman* factor, The Scheduling Order required both parties to file a list of all exhibits they would use at trial by March 22, 2009. The Court observes that the ankle photographs are not included in Stumbaugh's March 20 List. (*See* R. Doc. 10.) Stumbaugh has filed a response to ACL's objections in which he seeks permission to use the photographs at trial, although the response does not identify any reason why the photographs were not included in the March 20 List. (*See* R. Doc. 61 at 2.) Accordingly, the first *Geiserman* factor weighs slightly against admission of the photographs.

With respect to the second *Geiserman* factor, Stumbaugh argues that the photographs would "educate the jury on the very heart" of his claims. (R. Doc. 61 at 2.) Neither party has provided the Court with copies of the photographs, so the Court

cannot determine on the present record exactly how helpful they would be. Although Stumbaugh does not claim that the photographs are critical to his claim, *see Geiserman*, 893 F.2d at 791, the photographs are likely to substantially help him establish pain and suffering damages as well as help the jury understand the nature of his injury. Accordingly, the Court finds that the second *Geiserman* factor weighs in favor of admitting the photographs.

With respect to the third *Geiserman* factor, ACL argues that introduction of all the photographs would be cumulative and would "inflame the trier of fact." (R. Doc. 56-2 at 4.) Because ACL has not provided the Court with copies of the disputed photographs, the Court cannot evaluate this claim. Although ACL claims that it was unable to use the photographs in its deposition of Stumbaugh, it does not question the authenticity of the photographs. *See Geiserman*, 893 F.2d at 791. Moreover, ACL has had notice that Stumbuagh would use the photographs at trial for over three months, long enough to cure any potential prejudice or unfair surprise. The court therefore finds that the third *Geiserman* factor is neutral with respect to admitting the photographs.

With respect to the final *Geiserman* factor, the Court finds that continuance is unnecessary. ACL has had notice of the photographs for over three months. This was more than enough

5

time to prepare its defense with respect to the photographs. Accordingly, this *Geiserman* factor is neutral.

A district court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman*, 893 F.2d at 790. Here, although the first *Geiserman* factor weighs slightly against admission of the ankle photographs, this factor is outweighed by the likely importance of the photographs to Stumbaugh's case and the jury's understanding of the issues. The Court finds that admission of the photographs would not undermine the "integrity and purpose" of the Pretrial Order. The Court therefore holds that the ankle photographs should be admitted.

ACL also makes a claim that Stumbaugh improperly withheld the photographs of his ankle during discovery. ACL argues that the photographs should have been produced in response to a document request for "[a]ny and all photographs and/or videotapes taken by plaintiff or on plaintiff's behalf purporting to show the place or circumstances of the accident." (R. Doc. 59 at 3.) The Court finds that photographs of Stumbaugh's ankle after medical treatment are not photographs "purporting to show the place or circumstances of the accident." Accordingly, the Court will not exclude the photographs on this ground.

Finally, ACL claims that the photographs should be excluded because they are prejudicial. *See* Fed. R. Evid. 403. ACL has not submitted the photographs with its objections, and there is

no basis for finding that their "probative value is substantially outweighed by the danger of unfair prejudice, confusion or the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Accordingly, the Court will not exclude the photographs on this ground.

   3.  *Testimony of Tammy Stumbaugh*

ACL objects to the testimony of Tammy Stumbaugh because she was not specifically identified in Stumbaugh's March 20 List. (R. Doc. 50 at 2.) Stumbaugh's March 20 List does include, however, a "Relative or Friend of Stewart Stumbaugh - fact witness to discuss affect accident has had on plaintiff including physically, emotionally, and financially." (R. Doc. 10 at 1.) The Court again applies the four *Geisserman* factors to ACL's objection.

The Court finds that the first *Geiserman* factor is neutral with respect to the testimony of Tammy Stumbaugh. Stumbaugh stated in the March 20 List that he would call a "[r]elative or [f]riend" at trial. (R. Doc. 10 at 1) Because Tammy Stumbaugh is a "[r]elative or [f]riend" of Stumbaugh, Stumbaugh was not clearly obligated to file a motion for good cause shown before clarifying in the Pretrial Order that she as opposed to another relative or friend would testify. On the other hand, Stumbaugh has provided no reason why he was unable to specifically identify

7

Tammy Stumbaugh as a potential witness in the March 20 List. The failure to specifically identify her goes against the spirit, if not the letter, of the Scheduling Order.

The Court finds that the testimony of Tammy Stumbaugh likely would be very beneficial to Stumbaughs' claim for physical, emotional and monetary damages. Stumbaugh does not allege, however, that her testimony would be critical to his claim. The Court accordingly finds that the second *Geiserman* factor weighs in favor of admission of the Tammy Stumbaugh's testimony.

Tammy Stumbaugh's testimony likely would be adverse to ACL. ACL does not, however, make any specific allegations as to any unfair prejudice it would suffer as a result of her testimony. Notably, ACL does not claim that it was deprived of the opportunity to depose Tammy Stumbaugh after she was listed as a trial witness in the Pretrial Order over three months ago. Accordingly, the Court finds that the third *Geiserman* factor weighs slightly against admission of Tammy Stumbaugh's testimony.

Finally, with respect to the fourth *Geiserman* factor, the Court again finds that continuance is unnecessary. Although ACL apparently has not yet deposed Tammy Stumbaugh, it has had over three months to do so. The Court finds that ACL has had more than enough time to depose Tammy Stumbaugh and cure any potential prejudice.

Thus, the first and fourth factors are neutral with respect

to the admission of Tammy Stumbaugh's testimony, and the Court finds that the second factor outweighs the third. Exercising its discretion, the Court will permit the testimony of Tammy Stumbaugh at trial. *See Geiserman*, 893 F.2d at 790. Stumbaugh has not violated the Scheduling Order, and ACL has had sufficient opportunity to depose Tammy Stumbaugh.[1]

    4.   *Stumbaugh's "catchall" exhibits*

ACL objects to three "catchall" categories of exhibits listed in the Pretrial Order. Specifically, ACL objects to Stumbaugh's introduction of (1) "[a]ny attachments, drawings or photographs attached to any witness depositions including the plaintiff's deposition"; (2) "[a]ny and all documents needed for impeachment and rebuttal testimony"; and (3) "[a]ny and all exhibits listed by any other party." (R. Doc. 50 at 14-15; R. Doc. 56-2 at 5.) ACL claims that these categories are "far too broad" and could unfairly include exhibits "about which ACL had received no prior notice." (R. Doc. 56-2 at 5.)

The Court understands that these issues have been resolved. Stumbaugh has withdrawn the second and third categories from the Pretrial Order. (*See* R. Doc. 61 at 2.) With respect to the first category, Stumbaugh has recently identified the deposition attachments, drawings or photographs that he intends to introduce

---

[1] The Court observes that ACL may still depose Tammy Stumbaugh before trial.

at trial.  (*See* R. Doc. 61 at 3.)  The Court finds this particularization to be sufficient.

    5.   *Stumbaugh's "catchall" witnesses*

ACL objects to Stumbaugh's listing of "[a]ny and all other witnesses needed for impeachment or rebuttal testimony." (R. Doc. 50 at 19.)  The Court overrules this objection as to Stumbaugh's "catchall" rebuttal witnesses.  "Rebuttal witnesses are a recognized exception to all witness disclosure requirements" and "[p]rejudice may not be successfully asserted in this connection." *United States v. Windham*, 489 F.2d 1389, 1392 (5th Cir. 1974).  Because Stumbaugh does not at this point know what evidence ACL will use at trial, he is not in a position to precisely identify the witnesses that he will need for rebuttal.

On the other hand, the Court recognizes that not all potential witnesses may qualify as "rebuttal witnesses." *See Morgan v. Commercial Union Assurance Cos.*, 606 F.2d 554, 555-56 (5th Cir. 1979).  A "witness whose purpose is to contradict an expected and anticipated portion of [a] case in chief can never be considered a 'rebuttal witness,' or anything analogous to one." *Id.* at 556.  Accordingly, ACL may object to Stumbaugh's witnesses for rebuttal if it has a basis for doing so at trial.[2]

---

[2] For the avoidance of doubt, although Stumbaugh has withdrawn "[a]ny and all documents needed for impeachment and rebuttal testimony" from the Pretrial Order (*see* R. Doc. 61 at

Lastly, the Court sustains ACL's objection as to Stumbaugh's "catchall" impeachment witnesses. Stumbaugh has had notice of ACL's witness list for over five months. He is in a position to specifically identify the witnesses he plans to call for impeachment. If Stumbaugh seeks to call an unforseen impeachment witness at trial, he may make a motion on good cause shown at that time.

6. *Deposition testimony of Pleimann, Matney and Keyes*

Stumbaugh has reserved the right to introduce the deposition transcripts of Dr. Jason Pleimann, Garth Matney and Christopher Keyes. (R. Doc. 16.) ACL objects on grounds that these witnesses will appear at trial. As discussed above, although the Court declines to exclude evidence as hearsay without reference to any particular evidentiary context or purpose, the parties are obligated to comply with the Federal Rules of Evidence at trial.

B. **Stumbaugh's Objections**

1. *Stumbaugh's employment application and pre-employment physical examination records*

Stumbaugh objects to the introduction of his employment application and pre-employment physical examination records. (R. Doc. 50 at 15.) As grounds for this objection, Stumbaugh states that these records were not produced in discovery and are hearsay. The Court overrules Stumbaugh's objection on both

---

2), the Court does not interpret this to have waived any trial rights of impeachment or rebuttal.

grounds. First, Stumbaugh has not provided the court with any basis for determining whether he in fact requested his employment application and pre-employment physical examination records in discovery.[3] *See* L.R. 26.6 ("If relief is sought under Fed. R. Civ. P. 26(c) or 37 . . . [the] requests, answers or responses in dispute shall be filed with the court contemporaneously with any such motion."). The Court therefore has no basis for finding that ACL violated its discovery obligations.[4] Second, as discussed above, the Court declines to exclude evidence as hearsay without reference to any particular evidentiary context or purpose. The Court reiterates that both parties will be obligated to comply with the Federal Rules of Evidence at trial.

2. *Photographs of a winch and cheater bar*

Stumbaugh objects to ACL's use of certain photographs of a winch and cheater bar for demonstrative purposes at trial. Stumbaugh claims that the photographs were not produced in discovery, and that they do not necessarily represent the kind of winch and cheater bar at issue in this case. The Court overrules Stumbaugh's first objection. Stumbaugh has not provided the court with any basis for determining whether he in fact requested these photographs in discovery. *See* L.R. 26.6. The Court

---

[3] The Court takes notice that Stumbaugh has not filed a motion to compel discovery in this case.

[4] The Court observes that these documents were included in ACL's Witness List, dated March 20, 2009. (*See* R. Doc. 11 at 4.)

therefore has no basis for finding that ACL violated its discovery obligations.

Stumbaugh's objection as to relevancy may have merit, although the Court cannot make a determination on the current record. The Court has "discretion to control the presentation of evidence" at trial. Fed. R. Evid. 611(a). That the winch and cheater bar depicted in ACL's photographs may not be exact replicas of those involved in Stumbaugh's accident is not fatal to their use as demonstrative aids. *See United States v. Ferguson*, 212 F. App'x 873, 876 (11th Cir. 2006) (upholding district court's admission of photographs "similar to the actual crime scene" solely for use as demonstrative aid). On the other hand, if the depicted winch and cheater bar bear no resemblance to those involved in the accident, it is unlikely that they would be "effective for the ascertainment of the truth." Fed. R. Evid. 611(a)(1). ACL's use of the photographs as a demonstrative aid will therefore require a foundation of fairness and accuracy. *See United States v. Myers*, 972 F.2d 1566, 1579 (11th Cir. 1992), *cert. denied*, 57 U.S. 1017 (1993). Stumbaugh will have an opportunity to attack this foundation at trial. In the event that the photographs are permitted for demonstrative purposes, the Court will provide the jury with "appropriate limiting instructions." *United States v. Posada-Rios*, 158 F.3d 832, 869 (5th Cir. 1998). Accordingly, Stumbaugh's objection is overruled

with leave to raise it again at trial if there is a basis for doing so.

**C.   Objections to Stumbaugh's Proposed *Voir Dire***

Stumbaugh asks the Court to question the jury whether "you, anyone in your immediate family, or any close friends ever worked in the insurance industry as an adjuster handling claims? If so, please explain." (R. Doc. 53.) ACL objects to this question, arguing that it is irrelevant to the litigation because there is no insurance company as a named party. (R. Doc. 59.) Neither ACL nor Stumbaugh has made argument as to whether ACL does or does not in fact have insurance with respect to Stumbaugh's claims.

The determination of whether a *voir dire* question is proper "rests largely in the discretion of the trial court, subject to essential demands of fairness." *Louisville & N. R. Co. v. Williams*, 370 F.2d 839, 841 (5th Cir. 1966); *Socony Mobil Oil v. Taylor*, 388 F.2d 586, 588 (5th Cir. 1968). The Court recognizes that employment can be a source of potential jury bias. *See Socony*, 388 F.2d at 291 n.5 (Godbold, J. concurring) (recognizing "importance of employment as a source of possible bias"). Accordingly, the Court will inquire whether potential jurors have worked in occupations involving claims handling. A potential juror who handles claims within a corporation's human resources department, for example, may be biased against people such as

14

Stumbaugh who sustain workplace injuries.  Reference to claims handling in the broad sense would not suggest that ACL has insurance with respect to Stumbaugh's claims.  The Court will ask potential jurors whether "you, or any of your immediate family, has ever worked handling claims of any kind."

## III. CONCLUSION

The Parties' evidentiary objections are SUSTAINED IN PART and OVERRULED IN PART for the reasons stated.  The parties are ordered to file an amended proposed pretrial order not inconsistent with this opinion no later than three full days before trial in this matter.

New Orleans, Louisiana, this 9th day of September 2009

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE